Case No. 16-1277 NTCH, Inc. Petitioner v. Federal Communications Commission et al. Mr. Evans for the petitioner, Ms. Flood for the respondent, Mr. Haga for the intervener. Good morning. Good morning, and may it please the Court, I am Donald Evans on behalf of the petitioner, NTCH, and I believe the Court's aware that there are elements of the case that are under seal. We think you should begin by discussing jurisdiction. That's exactly what I was planning to do, Your Honor, so I'll start there. In 1988, Congress enacted a statute to deal with some particular problems that were being experienced in the handling of these types of complaints at the FCC. It was taking too long for the FCC to resolve them, and they were being resolved by delegated authorities, and then that decision had to be appealed to the full Commission before the decision of the Commission could be appealed to Court. So Congress enacted a statute that addressed those particular issues directly. It said the Commission had to act at the time of the 1988 Act in 12 months, that's since been reduced to 5 months, and it said the Commission couldn't delegate its authority to act on these complaints to the relevant Bureau. What we have here is a situation where the Commission, I guess, is admitting that it violated the statute by delegating its authority to the Bureau to resolve the case. And the question is, does that completely negate the Congressional statutory scheme by then permitting the Commission to require an internal review within the Commission to the full Commission before you can go to the Court of Appeals? That can't be right. I mean, how can the Commission violate the law and then use that as a vehicle for completely abnegating what the law otherwise requires and permits? Also, if you take the language of 208B3, which says any order terminating a complaint proceeding of this sort is a final order and may be appealed to the Court of Appeals, that has to be given some meaning. I mean, if they... Well, no. When the case began... You filed your complaint, all right, and it was transferred, or I don't know the internal operations, but it ended up with the Enforcement Bureau. Yes. Bureau. And we were told at the time, at the very initials, sort of, you know, preliminary hearing that we had with the Bureau, that the case would have to be resolved by the case before the Bureau. Yes, and it would have been permissible, in my view, for the Bureau to gather the facts and analyze the facts, but then refer it to the full Commission to actually make the decision. And that's what I thought was going to happen. Instead, you know, I guess it was in June of 2016, the Enforcement Bureau issues a decision which is completely, you know, violative of what Congress directed in 1988. So... And you filed something at that point to object? We... No, because I thought that Section 208b3 gave me the absolute right to treat that as a final order of the Commission. It was, I mean, as an order of the Commission, terminating the investigation, which is exactly what that you didn't ever say to the Commission. This is not... You must refer this to the full Commission. Well, if I had done that, think about it. If I had filed, like, a petition for reconsideration with the Bureau, then they could have sat on that for another couple of years. I mean, they were already way beyond the five-month statutory limit. And in order to... You didn't do anything objecting to that earlier, had you? Well, I hadn't known that they were going to treat it, they were going to handle it as a Bureau decision. I mean, you knew the five months had passed. That's my only point. The five months, I continually told the Commission staff, you know, there's a five-month limit here. And at one point, they said, oh, we didn't know that you expected us to comply with that. And I was sort of flabbergasted by that. So did you file something so it's in writing, so we just don't have these oral representations? Well, certainly in the, well, one of the oddities in the way this thing was handled was there were a lot of sort of meanings between the Commission staff and the litigants that were not on the record in any case. So that's one reason why... That's why I asked if you filed anything. I filed in the, in the initial brief that we filed with the Bureau, where we sort of laid out... But that's at the very end of the, sort of end of the process, says the Commission in its brief. Well, that was, that was at the end of sort of the fact, fact-finding process that the Bureau undertook. They could at that point, and should at that point, have realized that we have to have the full Commission rule on this, and also that we've got a time limit that we should be paying some attention to. Yes, we did file that, and that, and the Commission, even after we filed that, the Bureau took another seven months, I think, before the actual order came out, or longer. Yeah. I'm sorry, were you going to? Yeah, go ahead. Let me just say what bothers me about your theory here. So assume, let's assume that your complaint implicates a 208b1 issue. Let's just assume that. That is, charge, classification, regulation of practice, okay? I don't think you even have to assume that, because it does. Well, why don't you just take it from my purposes and say, okay? I don't see anything in 208b3. What in 208b3, or anywhere else, suggests that that was intended to be an exception to the long-standing principle in the statute, in our case law, that you can't come to this court without first taking your case to the Commission? Just the very words of the statute, because they say it is a final order. The action of the Commission, and what that means is, you know, they were trying to speed this up, right? So it means you don't have to file a petition for rehearing before the Commission. That's what it means. I mean, I just, you know, for Congress to have, excuse me, for Congress to have suddenly created this enormous exception to the statute in our case law, that you have to exhaust your remedies before the Commission, with this language, just, I just don't see it there. Where is it? Well, think about it this way. What Congress was trying to do was to, and they stated this in the legislative history, that they were trying to give the Commission basically one bite at the apple to handle an investigation of this type of complaint. And they did that. They said you've got to do it in five months, right? And the Commission has to do it in five months, and when it's done, you don't have to file a petition for rehearing. That expedites this. Yes, and any order... We agree with that, right? It does expedite it, but any order that's issued terminating the investigation is a final order. By the Commission. Well, but the problem here is the Commission violated the rule that the Commission was supposed to act on it in the first place. So then what do we do? No, no, you're saying the Commission can never have delegated authorities? In this particular type of complaint, yes, because that's what Congress ordained. They said for this particular type of complaint, the Commission cannot delegate it to a Bureau. Look, it says, I'm looking at B1, okay? Except it's right in paragraph one. The Commission, the Commission shall, with respect to any of these things, right? Do it within five months. And then three says any order that is an order of the Commission concluding an investigation shall be a final order. So that says the Commission has to do it in five months and its final order is appealable. There isn't one here. The problem you have here is the FCC is saying here... No, I think the problem you've got here is that I don't see anything... You're relying completely on this section, right? Any order concluding an investigation. That's your whole case, right? Well, and I'm relying on the fact that the Commission violated the law by screwing up the statutory scheme. In other words, they were supposed to issue the decision in the first instance and they didn't. So where does that leave us in terms of... That's an unreasonable delay claim, which you didn't file. In other words, let's assume you're right in all of your assumptions. You file a claim under the APA saying there's an unreasonable delay by the Commission. Wherever it is in this agency, they're supposed to be doing it within five months. And they haven't done it, and I'm petitioning the court to mandate this relief. Well, there certainly was a reasonable delay, but you're right. We did not petition the court for that. And while it certainly bothers me that they ignored the five-month requirement, what bothers me more is that instead of doing what the statute required and making the decision themselves, they completely turned the statute on its head by letting the Bureau do it, and then that created the need for an appeal within the Commission. You know, if you ignore the language of B-3, which says anywhere... Well, the purpose of B-3 was to tell the Commission in these kinds of cases, presumably, that you better do this yourself, because you've got to get it done in five months. Well, but there wouldn't be any need for B-3. Think about this, Your Honor. Any order of the full Commission is a final order, which would be directly appealable...  But there wouldn't be any need. But if you look at it in context, there is a need for 208B. What it did was it provided that in this subset of cases, they had to be handled expeditiously. That's what this adds. It's not surplusage at all. It's not just expedition, because the five-month rule gives you the expedition. Well, so does the opportunity to come here without filing a petition for rehearing. That gives you a lot of expedition. It does, and if you don't... So you agree with me, right? It does. It does give you expedition, yes. And that's what the purpose of this provision was. You even agree with that, according to your brief. So, you know, when you say, if we rule, if we agree with the Commission, this whole provision is just surplus. It doesn't add anything? That's your argument, right? It does add a dramatic speeding up of cases that fall into this category. Well, it doesn't add anything if you assume that the Commission is actually going to do what the statute required, which was to decide the case itself. Well, that goes back to Judge Edwards' question. You know, you could have asked the Commission to expedite or come here, but you didn't do that. There's definitely an expedition problem, but we're not so worried about that. What we're concerned about is the language of the statute that says, any order by the Commission terminating an investigation is a final order. And to me, that is as clear as Congress can possibly be, that we're taking this out of the usual case where you have to go through the internal, you know, appeal process. And it was for the reason that they didn't want to have litigants have to have two bites at the apple, one at the Bureau level and one at the Commission level. So do you see, just so I'm clear, the five months start after the final offers are exchanged? No, they start when the complaint is filed. All right, that's what I thought you were going to say. And it is, and to be honest with you, we didn't push the five months with the Bureau that much because it's a tough, you know, time for the Commission to meet. But at what point did you think you were going to get to the Commission? I thought the Commission was going to issue the initial ruling, which is what the statute required. When they didn't do that, I assumed that Section 208b3, because it was a final order, because it was an order terminating the case, was a final order. So you anticipated, what, a recommended decision from the Enforcement Bureau to the Commission? Yes, and I actually thought the Bureau was going to do that because this was a novel case. It was the first, you know, rape case of this type that had ever been presented. And typically, those have to be ruled on by the full Commission anyway. So yes, it was a surprise. And once the Bureau did issue its order, what could I do? If I filed a petition for reconsideration and two months had gone by, the Commission could have come back and said, hey, that decision before was a final order and you've now forfeited your right to go to court. No, then you can come to court. I mean, I thought that Congress had been very clear about setting up a specific procedure to handle these cases, that 208b3, you know, the clear language of it says that if it's an order terminating a case, then that's a final order that we would be able to rely upon that. And for the Commission to say, well, in these paragraphs that we're talking about, it says the Commission, not a delegated authority of the Commission, everywhere in the Communications Act it says the Commission, including right in Section 208. It frequently, or it always says the Commission shall do something or may do something. And yet the Commission always handles that by delegated authorities rather than it's... Are you assuming you could not contest what the Enforcement Bureau issued? You could not contest that with the Commission? Is that your assumption? I'm not assuming that. I suppose I could have filed some sort of appeal of what the Bureau did. But I think, as I said, I think that would have put me in some peril. Forgetting the peril of trying to wander through these agencies in their administrative scale. It is an important question. It's implicit in your argument that you could not. The Bureau decision is it. It doesn't go to the Commission. I could not appeal it to the Commission. I had no such right. And you can't put me in a bind, therefore, in saying it's not final for judicial review. Are you saying you could not have taken it to the Commission? No, I'm not saying that. Well, that's the problem for you. Because if you acknowledge that it can be... Forget the delay. If you're acknowledging that it can be taken to the Commission, and the case law is certainly legion, that we can't act until the Commission has issued something final. You're not arguing that the Bureau's decision... In fact, you're not arguing that the Bureau's decision is final, because you acknowledge that the Commission could have been petitioned. No, no. I'm saying it is final because of the particular character of the order that was issued. That's what I thought your argument was. Any order terminating a case is a final order. By the Commission. Well, by the Commission... I mean by the Bureau, on behalf of the Commission. The Commission hereby issues this order, or decision, by the Enforcement Division. So you took that to be the Commission's decision. Yes, because that was the only decision that I had. Why didn't you just say to me, yes, I could have appealed to the Commission? Well, because, you know, there is an appellate process within the Commission. Well, that's your problem. If there really is an appellate process, and I'll give it to the Commission, because I must say it's a little bit confusing, more than I would have thought. If there is an appellate process, it's just old administrative law that you've got to follow it. The delay question is a different question. And that's a different APA challenge. Unreasonable delay. I'm going to take on the agency now. They're playing games with this provision as your claim. And never meeting in five months. And I'm now trapped in a tube. And I want mandamus from you. That's a different hearing. If you have a right of appeal, if you're acknowledging, yes, I can go to the Commission. And then, when they say something is final, then that kills your case. Because we don't have authority to hear it. Well, remember, Judge Edwards, you can have a final decision even with the full Commission, and you can still file a petition for reconsideration. And it's not final if reconsideration is required. If reconsideration is required in an administrative statute, you don't have a final decision for court review. Well, I'm not saying it's required. Then you don't have to go to the agency, and you can come to court. It all depends on whether reconsideration is required. If it is required, yes, you have to pursue it before you can come to court. If it's not required, you do not have to avail yourself of it. But you may. And I thought what you were saying was that as long as I could possibly have appealed it to the full Commission, even though it was a final decision, that I was precluded from going to court. The problem is that case law says that under these statutes, under 55, 155C7, it makes the filing of an application for review by the Commission a condition to judicial review. That's absolutely true. And this cannot be viewed, I don't think, as anything but an exception to that. What's the exception? Because it specifically says any order. You're back to 208B3. I don't see how you get to 208B3 because that's referring to 1 and 2, and 1 and 2 are referring to the Commission. I mean, that's a weak argument, quite frankly. But it's a weak argument because 3 refers to 1 and 2,  But when you say the Commission, Your Honor, you're saying the Commission as though it doesn't include the delegated authorities. Well, that's where I'm trying to bring you back to what I think is the underlying question here. You would be fine if you would meet B1 if you are right that the Bureau's decision on behalf of the Commission is a Commission decision. Then you'd be fine, in my view. But I'm confused now about what your theory is and I'm confused about what the agency's response is. Well, what I'm saying is it is a final decision of the Commission. So I don't know whether you call that a decision of the Commission or who you call it a decision by, but if it's the final decision of the agency, that's, I think, what we need to focus on, and I think that's what Congress intended. But the problem you face is the non-delegation provision Congress enacted. I mean, you acknowledged that in your brief. Well, I mean, the Commission created this whole problem by violating that paper. No, see, that's the problem here. I don't think that is correct. I'm not suggesting everything was perfect here, but it seems to me you file a complaint and you have to say what you want and what provision you are proceeding under. And we did. We said we were filing our complaint under Sections 201 and 202 of the Act and the commercial agreement. I understand. So where is the Commission on notice that you think this is a five-month proceeding? Because Section 208 is the part of the Act that... I agree, but don't you have to say that somewhere? In other words, a complaint comes in. No, I'm quite serious about this, and maybe this is a problem for the Commission in terms of its internal rules, but it can't be that you can negotiate for years and then all of a sudden say to the Commission, well, your five months was up, you know, three years ago. I didn't say that. And I know you didn't. This is my hypothetical. Okay. But at some point, if you want to go under this expedited proceeding, don't you have to make it clear that your complaint is to be processed under that? And if it isn't, either you file something before the Commission or you come to the court and say the Commission is acting beyond its authority. I mean, it's an odd situation. Actually, it seems to me, just to pick up on what Judge Rogers is saying here, I think your problem is even a little more serious because... So am I right, you didn't say to the Commission this was a 208B case then, right? I said it was a complaint about a common carrier charge. And that's where that 208B... But what do you do? But why? 155 says, 155 says, when necessary, the proper functioning of the agency. The Commission may delegate any of its functions, and then it says accept any action, and one of them is 208B. So if you thought this was a 208B case, why didn't you tell the Commission the moment it sent this to the Bureau, you can't do that? Because... Do you see my point? Yeah. I mean, that would have been the place to put the Commission on notice, that it had to get this done within 5 months. But it couldn't delegate it. Well, I actually didn't anticipate or expect that the five commissioners would be handling, you know, the processing of this complaint. But that's... Why not? You're seeking that. You're seeking the benefit of that. Right. There's actually a rule, it's section 0.331, which tells the Enforcement Bureau what authority it has, and it says it, in cases of 208B complaints, it has to refer the decision to the full Commission. That's what I thought would happen. If they would gather the facts, they would conduct the proceeding, they might even make a recommendation, but the decision would be made by the full Commission, which is what the Commission's own internal delegation of authority rules require. They didn't do that. That was at the end of this whole process that you've described, Judge Rogers, where we went back and forth, there were discussions, there were mediations, there were interrogatories and so forth, and I thought it was appropriate for the Bureau to be handling that. But the decision was supposed to be made by the full Commission. I guess I just don't understand the process in terms of, if you want a decision by the full Commission in 5 months, you have to start there. All right? And if you're going to work with the Commission through a delegation, that's a different procedure. That's all I'm trying to understand. If Congress had in mind, we want this done in 5 months, the Commissioners have to be on notice. They've got to readjust their docket. But I didn't think that I had... Well, first of all, I actually did tell the Bureau this, as I said, and they said, oh, we didn't know that you wanted that. But I actually didn't think I had to tell them that the statute requires you to do something in 5 months. Even in the district court, you file a complaint, and if you want some expedited processing, you tell the district court that. Otherwise, you get in line. But if there's a statute that says... Well, suppose there is a statute. Suppose there is a statute? Yeah, I mean, I'm thinking of a district court hypothetical. You say the district court... We have cases where the statute tells us we have to act within 72 hours. All right? And that statute is cited to us. No one assumes we remember that in the back of our head. That's all I'm getting at. Okay. And really, I'm not complaining that much about their failure to act on it within 5 months. What I am saying is I think that once the Bureau took it upon itself to violate the statute and issue a decision... But that's the point at which it seems to me you have to say something. Well, I said something 7 months before that. In writing. In writing, I said it 7 months before. Where was it? That was at the end of my initial brief. Oh, I know. That's way down the road. No, that was... But this was the initial brief before the Bureau. I understand, but you have been negotiating this. You filed your complaint. In 2013. That's right. And when did you file your first brief? It was like 2015. That's right. That's not... But Judge Rogers, I'm not... No way the Commission could act within 5 months. But I'm not complaining about that. All I'm saying here is that... I mean, I wanted a decision from the Commission, from somebody at the Commission. You know, the full Commission should have acted on it, but it didn't. The Bureau acted on it, and B-3 says any order terminating a case is a final agreement. Well, the argument might be that you had a chance when your complaint was filed to insist on a 208B process. All right? You didn't. But there's no other process that I could... That's all there is. That's all the Act, you know, affords a complainant that's challenging a common carrier raid.  I'm done. All right. Let us hear from the Commission, and then we'll give you some time. All right. Thank you, Your Honor. Thank you. Good morning. May it please the Court, Maureen Flund for the Federal Communications Commission. Can you... Before you start... That's right, yes. Could you please tell us... Because you hedge looking at your responses, and I don't know what you mean to say or don't mean to say. Is this the matter that's in dispute here within the compass of non-delegatable authorities or delegatable authorities under 155? It is within... It is encompassed within delegated authorities because NTCH's complaint was not subject to Section 208b. Well, there was one part of it that you hedged on, and you said, well, we haven't really decided that. And that's what confused me. Like, one piece of it may have been within... Right. ...non-delegated... Yeah, I mean, you're not taking a clear position, which is really not acceptable. Well, Your Honor, we're not taking a clear position because the Commission has never decided on that issue. So let me start by saying the data-roaming portion of NTCH's complaint clearly was not subject to Section 208b. In fact, it wasn't subject to Section 208 because when NTCH filed its complaint,  And it could be delegated. That one could be delegated, and in fact, the Commission has a rule 20.12e that sets up a specific process outside Section 208 to resolve data-roaming complaints. So the only... Let's go down. Let's assume that. Let's assume at least some portion of these cases went within the permissible delegated authority so it could go to the Bureau. Yes. What does that mean? Does that mean that when the Bureau issues its order, as far as the Commission is concerned, it's over or not? No, Your Honor. Well, first of all, the data-roaming... Are we talking about the data-roaming portion? We're talking about whatever you think. Let's talk about choice. Well, whatever you think could be delegated in this case. Sure. Stay there first. Okay. So you think part of it could be delegated to the Bureau, right? The data-roaming portion because it fell outside Section 208. Okay. So you think it could be delegated when the Bureau issues its decision. Is that it? The Commission's done? No, Your Honor. First of all, it's not subject to Section 208, but, Your Honor, to answer that specific question, under the data-roaming rule, which sets up a complaint process outside Section 208, a Bureau order, like any other order, could... has to be... No, wait. It's important. Don't say could or has to be. It's real. That's one of the problems here. Must it or... They don't know, obviously, and I'm not sure any of us do either. When the Bureau issues an order, is there some statutory or regulatory provision that says, no matter how strong the language is in that order, it is not final unless and until the Commission acts on it? There is no exception to the requirement in Section 150... or in Section 5C7 of the Act. An application for review to the full Commission has a conditioned precedent to judicial review of an order issued on delegated authority. Counsel for NTCH is trying to assert that Section 208B3... No, no. We understand that. What he's really asserting in fairness to him is the language of the order looks like this is the Commission. We're issuing this on behalf of the Commission as if to suggest it's done. There's nothing there, which seems to me it would be fair, apart from the five months that you never meet, to say, and if you don't like it, you have to appeal to the Commission, otherwise you can't go to court. Your Honor, it's an order issued on delegated authority and there's no exception from 5C7 of the Act to provide that an order by the Enforcement Bureau resolving a roaming complaint or any other complaint is exempt from Section 5C7 of the Act. That isn't what I'm asking. I'm just trying to understand what folks on the petitioner's side are facing. They get an order. It looks like it's fine. It says, on behalf of the Commission, this is it. Why doesn't that order say, this is what we think. If you want to contest it, you go to the Commission. Otherwise, you're not going to be able to go to court. Why don't you give them that notice? Because, Your Honor, the order says it is by the Enforcement Bureau, not by the Commission. It says, on behalf of the Commission. On behalf of the Commission, but that's what every order issued on delegated authority says. That doesn't mean they're fair. That means that's what you're doing. What I'm asking is, why don't you do something that's fair, which says, we're doing this on behalf of the Commission, but if you want to appeal to the Commission, you can, and if you think you want to get to court, you must. Your Honor, every issue, every order issued on delegated authority says issued by the Enforcement Bureau, the Media Bureau. It's well established that there is no exception  for review requirement in Section 5C7. This order is no different than any other order  by the Enforcement Bureau. Well, you're saying you should give bad orders all the time. That's not my question. The statute gives them notice, Your Honor. All right, let's turn it to voice, if you will, for a moment. All right. I come in with my complaint. I want an expedited proceeding. All right. What happens? Well, first of all, as you pointed out, the petitioners in their complaint did not invoke the statute. No, no, no, but suppose they have. We're asking you the question, what happens when someone brings a case that clearly falls under 208B? Okay. What does the Commission do? This is not that case, but if a case did fall under 208B, you heard us struggling with appellants. Okay, if this case fell under Section 208B, or any case falling under Section 208B, what would happen is the Enforcement Bureau would immediately notify the Commission that it has a Section 208B complaint, and it would create an expedited administrative   would send a recommendation up to the Commission in an order for the Commission to vote within five months. Is that by rule? Is that by rule? Yes, it is. Okay. Is that by rule? There is no rule in effect on that, but the Enforcement Bureau is going to codify one, but that is practice. So, when this complaint came in, and just thinking about this case, I thought, bureaucratically, it was assigned to the Enforcement Division. Right? Yes.   The first brief? Yes. Your brief says that. Okay. So, then my question is, what happens when someone brings a case that clearly falls under 208B? My question is, what happens then? So, the first time Petitioner raised the 208B issue was 22 months into the proceeding. I'm with you, Counsel. I read your brief and what you said at the end of the process. I'm not debating that. Right. I want to know, in the first brief that's filed, Counsel says, 208B. Now, what happens? At that point, the Enforcement Bureau continued under its presumption that the data roaming piece was not subject to 208 and that the voice roaming piece was subject to Section 208A because that was their assumption at the beginning of the proceeding. Based on what? Based on the fact that two things. The Commission itself had never ruled on the issue of whether voice roaming was subject to Section 208A or Section 208B. So, the Bureau had to look for guidance in the Commission's rules and precedent. The Commission had, in prior orders, interpreted Section 208B to only apply to services that were tariffed or could have been tariffed. CMRS services were de-tariffed back in 1993. So, the Commission, this is also mentioned in the Orloff case, which we cite in our brief. So, the Bureau reasonably determined that the case was subject to Section 208 and Petitioner did not dispute that fact. Petitioner, after the five-month period passed, if this was a Commission, if the complaint had to be reviewed by the Commission because it was a Section 208B complaint, presumably, the Petitioner would have come in and asked the Enforcement Bureau to refer the matter to the Commission at that point or at least raise the issue with the Enforcement Bureau. It didn't. As you pointed out, this is an unreasonable delay case. So, when you file a complaint with the FCC, it automatically is referred to the Enforcement Bureau? It's filed with the Enforcement Bureau. No, no. I just need to know. I'm out of town or I'm practice abroad. I file a complaint with the FCC. I mail it to the FCC. What happens? It goes to the Enforcement Bureau. So, it automatically goes to the Enforcement Bureau? Yes, the Commissioner's legal advisors don't decide these complaints. I understand that. I want to know, so I get a notice that this is now before the Enforcement Division. Yes. Is that right? So, at that point, is it the Commission's position that I am obligated to tell the Enforcement Division I want to proceed under 208B? It certainly helps the process, but putting that aside, Your Honor, one of the issues, the issue here is can this court assert jurisdiction over this order notwithstanding the restriction in Section 5C7 to remedy this alleged error that was made by the Enforcement Bureau? Hold on. Hold on. I'm not even there. I'm still before the Commission. My complaint has been administratively sent over to the Enforcement Division. I say, in writing, to the Enforcement Division, my complaint is to be processed under 208B. Then what happens? In that circumstance, the Enforcement Bureau would determine whether or not it's the Section 208B complaint, and if it believed that it was, it would send it, it would let the Commission know that there was a 208B complaint, it would put it on a fast-tracked administrative process so the Commission could vote in order before the five-month period ended. And that's all set out in the rules somewhere? It's not set out in the rules. It is a Bureau-level practice. All right. So when do I get notice that the Enforcement Bureau has decided my complaint is not a 208B complaint? The Enforcement Bureau would get back to you immediately, because if they dispute it...  me a letter? They would most likely call you, because at that point, if you file your complaint, they would want to give you a letter saying that they would give you an immediate response. And so my understanding is that they would call you, and that if you disputed their determination that it was not subject to Section 208B, that they, at that point, probably would issue a written letter or something like that, so you could challenge it up to the full Commission. Now, historically, do you know whether or not the Enforcement Bureau has been taking the position that the word tariff, or like proceeding, basically doesn't apply to this type of complaint against an individual entity's rates? It's not just the rates, Your Honor. It's voice-roaming and data-roaming rates, although actually... I'm only talking about voice, all right? Okay. I'm trying to make that clear from the beginning. Okay. With respect to the voice-roaming rates, Petitioner's Counsel is correct that this was the first formal voice-roaming complaint filed with the Commission. So it was an issue that the Enforcement Bureau was dealing with for the first time. It had to follow Commission precedent, and Commission precedent said that Section 208B, broadly, only applies to tariff services or services that could have been tariffed. The Enforcement Bureau reasonably determined that because CMRS services were de-tariffed in 1993, that this was a Section 208 case. 208A case. So there is no way to move this type of complaint under 208B? That's correct, Your Honor. And if Petitioner's believed, again, that this was subject to Section 208B, presumably, they would have raised that with the Enforcement Bureau, or they would have raised it with the Commission, and they could have, if the agency did not respond to that argument quickly enough, filed a petition for a writ of mandamus with the Court. Now, if Petitioner's think that the Enforcement Bureau got it wrong in deciding their complaint under Section 208A, they should raise that issue in an application for review before the full Commission. But the Enforcement Bureau, acting on delegated authority, had to do the best that it could. And Petitioner never invoked Section 208B1 in its complaint, and it never disputed the fact that the Enforcement Bureau was proceeding and exceeded the Section 208B deadline. Did they get notice of that? Did they know that that's how they were proceeding? Do you know that they got notice? I do not know that they got notice, but presumably if they thought it was subject to Section 208B, they would have raised it. I understand your argument there. I'm really trying to just think about the administrative process, which is, for those of us who consume your processes, would seem to be less than ideal. They don't have notice of this. You say there's no codification of these procedures you are now talking about. So none of this is known to anybody. Where the cases are being tracked and what the time requirements are. At that point, there were no formal rules. There still aren't, you said. That's correct. It's my understanding that the Enforcement Bureau, to avoid confusion, is going to codify rules. That being said, Your Honor, if the petitioners, again, thought that this was a Section 208B case, presumably they would have raised it. The Enforcement Bureau had to make a determination on the basis of the complaint whether this was a Section 208A or Section 208B complaint. Given the Commission precedent, they reasonably put it under Section 208A. Part of this issue could have been avoided if petitioners told the Enforcement Bureau when they filed their complaint whether they thought this was a Section 208A or Section 208B case. And so your point is that the Bureau would have advised that this simply is not 208B  That's correct. As to both of your counts. That's correct. Based on what? How do you make that assertion? How do you make that assertion? There are no processes. I cannot You don't know? I don't know, Your Honor. I don't know. I mean, that's the unfairness of all of this. It's different from the legal questions that we're facing but it's just patently unfair that those who are petitioning the Commission have no idea of all the things that you've asserted. Well, Your Honor, if it's unfair then the petitioner is to file an application for review of the Commission. I understand what attorneys could do and spend more billable hours trying to sort through this. I'm just trying to understand why in Heaven's name they would have raised it with the Enforcement Bureau. I am harmed by the Enforcement Bureau's decision to process my complaint under Section 208A. The delay was unreasonable and I am asking the Court to remedy the Enforcement Bureau's error by circumventing the requirement in Section 5C7 that I file an application for review of the      Court to remedy the Enforcement Bureau's error by   in Section 5C7 that I file an application for review of the Enforcement Bureau's complaint. I am asking the Court to remedy the Enforcement Bureau's error by circumventing the requirement in Section 5C7 that I file an application for review of the Enforcement Bureau's complaint under Section 5C7 that I file an application for review of the Enforcement Bureau's complaint under Section 5C7 that I file an application for review of the Enforcement Bureau's       application for review of the Enforcement Bureau's complaint under Section 5C7 that I am happy to address the underlying merits if the court would like. I do have to take issue with one of the statements the FCC made. The application of 208B applies to common carrier charges that are tariffed or would have been tariffed but for forbearance by the commission. Back in 1994 the commission expressly stated it was forbearing from requiring tariff requirements on mobile services like this. It was a precise case where the commission said this would have been tariffed and that leaves it squarely within the 208B bailiwick. The commission is saying they took this under 208A because they thought it was not a previously tariffed service. That is plainly wrong. The commission never at any point told me or anybody else involved in the case that they were treating this as a 208A case. This whole procedure that was described to you your honor is just absolutely news to me. Nobody ever told me about it. And I've got another companion case that's coming up. I just don't understand why when you look at this statute and file your complaint you wouldn't say to the commission I'm filing this under 208B. I said I was filing it under 201 and 202 and 208B is the part of the statute that handles 201 and 202 and 203    and 207 and 208 and 209. How would the commission know that it was supposed to expedite it unless you told them that you thought this was a rape of one of these four things. You agree, if you had done it, were you here for our last argument? Yes, I was. We could have avoided this whole thing if you had simply said this is a 208B case. I didn't think I needed to tell the commission. That's exactly what counsel said in the last case. It was a case that involved a challenge to the reasonableness of a common carrier rape. That's a 208B bond. I didn't have to tell the commission. In any event, we'll take the case under advice.
judges: Rogers, Tatel, Edwards